UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Dixon O'Brien, et al.

    Plaintiffs,

v.

Village of Lincolnshire, et al.

    Defendants.

Case No. 18-cv-01310

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

On December 7, 2018, this Court issued a memorandum opinion and order granting Defendants' motion to dismiss with prejudice as to Plaintiffs' federal claims, and declining to exercise its supplemental jurisdiction over Plaintiffs' remaining state-law claims. [85] [86]. On January 4, 2019, Plaintiffs filed a two-part motion that contains: (1) a Rule 59(e) motion to alter or amend judgment, [88] ¶¶ 1−25; and (2) a request that this Court confirm it dismissed Plaintiffs' state-law claims without prejudice when it declined to exercise supplemental jurisdiction over them, *id.* ¶ 26. For the reasons explained below, this Court denies Plaintiffs' motion to alter or amend judgment and confirms that it dismissed Plaintiffs' state-law claims without prejudice.

**I.    Background**

This Court incorporates by reference, and presumes familiarity with, its prior opinion granting Defendants' motion to dismiss, [86], and thus only briefly revisits the facts from which this case arose.

Plaintiffs, Dixon O'Brien, John Cook, the International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"), and the Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America ("Carpenters") (collectively "the Unions"), sued Defendants the Village of Lincolnshire and the Illinois Municipal League ("IML") on February 21, 2018, bringing both federal and state-law claims. [1] [40].

On August 3, 2018, Defendants filed a motion to dismiss Plaintiffs' Third Amended Complaint ("TAC"). [50]. On December 7, 2018, this Court granted Defendants' motion to dismiss [50] with prejudice as to Plaintiffs' federal claims and declined to exercise its supplemental jurisdiction over Plaintiffs' remaining state-law claims. [85] [86]. Relevant to the present motion, this Court found that: (1) the government speech doctrine applies to the IML, [86] at 12–15; and (2) the IML's allegedly political activity did not warrant an exception to the government speech doctrine, *id.* at 15–17.

On January 4, 2019, Plaintiffs filed a two-part motion. [88]. First, Plaintiffs brought a Rule 59(e) motion to convert this Court's prior order to a dismissal without prejudice, based upon newly discovered evidence. *Id.* at 1. Plaintiffs' motion does not request leave to file a Fourth Amended Complaint, but they do state that they intend to request leave to do so if this Court grants their Rule 59(e) motion. *Id.* Second, Plaintiffs seek confirmation that this Court dismissed their state law claims without prejudice when it declined to exercise supplemental jurisdiction over them. *Id.* at

1–2. Defendants filed a response to Plaintiffs' Rule 59(e) motion on January 18, 2019. [91].

## II. Legal Standard

Courts may grant Rule 59(e) motions only "if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992). To succeed on a Rule 59(e) motion, "the movant must 'clearly establish' one of the aforementioned grounds for relief." *Jones v. Chi. Bd. of Educ.*, No. 13 C 4732, 2015 WL 1158271, at *2 (N.D. Ill. Mar. 11, 2015) (quoting *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)).

To prevail on a Rule 59(e) motion based upon newly discovered evidence, the moving party must "show not only that [the] evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963), *cert. denied*, 377 U.S. 923 (1964)). In other words, "evidence available to a movant prior to judgment and during the pendency of a motion is not 'newly discovered' for the purposes of Rule 59(e)." *Guaranteed Rate, Inc. v. Barr*, No. 12 C 5362, 2013 WL 2452293, at *2 (N.D. Ill. 2013); *see also In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (A "Rule 59(e) motion cannot be used to present evidence that *could and should* have been presented prior to the entry of final

3

judgment.") (quoting *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 867 (7th Cir. 1996)).

Whether "to grant a [Rule 59(e)] motion . . . is a matter squarely within the court's discretion." *Jones*, 2015 WL 1158271, at *1 (citing *Caisse Nationale*, 90 F.3d at 1270). Moreover, motions under Rule 59(e) "should only be granted in rare circumstances." *Id.* (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

**III. Analysis**

To support their motion, Plaintiffs claim they possess "newly discovered evidence"—obtained through discovery while the parties' motion to dismiss was pending—which shows that the IML operates as a private organization, rather than a public entity, for purposes of the government speech doctrine. [88] ¶ 16. This evidence consists of: (1) the IML's response to Plaintiffs' Illinois Freedom of Information Act ("FOIA") request, dated September 17, 2018, in which the IML stated that it does not constitute a public body for purposes of the Act, [88] ¶¶ 12–13, [88-1] at 138 (Exhibit H)[1]; (2) IML Executive Director Brad Cole's testimony that the IML sometimes uses a "strategic political communications" firm to help facilitate its agenda, [88] ¶ 13, [88-1] at 147 (Exhibit F at 99−101); (3) Cole's testimony that the IML paid for membership in various groups, such as the National League of Cities and the National Civic League, [88] ¶ 12, [88-1] at 121 (Exhibit F at 119); and (4) Cole's testimony that the IML made a donation to its Board President's deceased

---

[1] Plaintiffs filed multiple exhibits under a single docket number. To prevent confusion when citing to such an exhibit, this Court will clarify both the docket number and the individual exhibit letter.

4

wife's memorial of choice—a Catholic School, [88] ¶ 12, [88-1] at 132 (Exhibit F at 222).[2]

Notably, Plaintiffs fail to explain why these documents constitute "material" evidence for purposes of Rule 59(e). For example, Plaintiffs fail to explain why the IML's purported public entity status under the Illinois FOIA pertains to its status under the government speech doctrine. [88] ¶¶ 13, 23. They ignore Cole's testimony that the "strategic political communications" firm does not determine the IML's "principles or policies" or "dictate [its] legislative agenda," but instead helps with media communications, [88-1] at 118 (Exhibit F at 99). Plaintiffs also fail to explain why membership in national and local government groups constitutes impermissible political activity under the government speech doctrine. [88] ¶ 25; [88-1] at 109, 121, 129 (Exhibit F at 11−12, 119, 199−200). Finally, they fail to explain how a single memorial donation transforms the IML into a private entity for purposes of the government speech doctrine. [88] ¶¶ 12, 25; [88-1] at 132 (Exhibit F at 222). In short, Plaintiffs fail to meet their burden of "clearly establish[ing]" that this Court should reverse its prior judgment. *Jones*, 2015 WL 1158271, at *2.

And notwithstanding any of the documents' materiality, Plaintiffs cannot establish that the documents constitute "newly discovered evidence." Specifically, Plaintiffs fail to show that they could not, with reasonable diligence, have obtained, and argued, the "newly discovered" evidence prior to this Court's December 7th ruling [86]. In fact, Cole's deposition—the latest of the events during which Plaintiffs

---

[2] This Court has considered all 147 pages of discovery Plaintiffs submitted in support of their motion. The documents referenced above constitute representative samples.

claimed to have discovered "new evidence"—occurred on November 12, 2018. [88-1] at 107 (Exhibit F). Thus, at a minimum, Plaintiffs obtained all of the supposedly "newly discovered" evidence 25 days before this Court issued its Dismissal Order.

*Guaranteed Rate v. Barr* persuades this Court in finding that Plaintiffs fail to proffer "newly discovered" evidence. 2013 WL 2452293. In *Barr*, plaintiff Guaranteed Rate filed a Rule 59(e) motion to alter or amend the court's dismissal order against it based upon 7,399 individual documents; Guaranteed Rate received these documents seven weeks prior to the court's ruling on the motion to dismiss. *Id.* at *2–3. The court subsequently denied Guaranteed Rate's Rule 59(e) motion because:

> [E]ven assuming [Defendant's] document production proved too voluminous for a timely substantive review, Guaranteed Rate could easily have informed the Court of the production and sought the Court's leave to file a Second Amended Complaint. Or, at the very least, Guaranteed Rate could have requested an extension of time or stay of the briefing schedule so that it could review the documents provided by [Defendant] to determine whether a Second Amended Complaint would be appropriate. Instead Guaranteed rate decided to wait for this Court to review and issue a lengthy memorandum on its deficient and dated Amended Complaint before mentioning that it had obtained new evidence. Guaranteed Rate is not entitled to wait and see what the district court says before making any changes to the complaint—because it would impose unnecessary costs and inefficiencies on both the courts and party opponents.

*Id.* at *3 (internal citations omitted).

Here, as in *Guaranteed Rate*, Plaintiffs obtained their "newly discovered" evidence approximately four weeks before this Court entered its Dismissal Order, [85] [86], yet failed to inform this Court of any need to amend their complaint or obtain any other relief. In fact, at a discovery hearing on November 29, 2018, in open

6

court, Plaintiffs' counsel admitted that nothing in the discovery would change how they drafted the TAC, and thus that it would fall or stand on its allegations at that time. Nevertheless, just as in *Barr*, Plaintiffs decided to wait for this Court to review and issue a memorandum on its TAC before proffering new documents that could supposedly "cure" issues raised in the dismissal order, [88] at 10.

Finally, Plaintiffs argue that rather than seek leave to file a Fourth Amended Complaint, it planned to file a motion for summary judgment "no later than December 14, 2018." [88] ¶ 14. This argument does not change this Court's analysis, because Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment." *Guaranteed Rate*, 2013 WL 2452293, at *3 (quoting *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999); *see also Fannon v. Guidant Corp.*, 583 F.3d 995, 1003 (7th Cir. 2009) (affirming denial of Rule 59(e) motion, finding that district court was "entitled to take into account the fact that plaintiffs . . . apparently made a strategic decision not to put their new evidence into the record before the court ruled on [the defendant's] motion to dismiss.").

Accordingly, this Court denies the portion of Plaintiffs' motion that requests, pursuant to Rule 59(e), this Court alter its judgment, [88], because it is based upon evidence that was neither "newly discovered" nor incapable of presentation prior to this Court's December 7th, 2018 judgment.

7

Additionally, Plaintiffs request that this Court confirm it dismissed their state-law claims (Counts IV and V of the Third Amended Complaint) without prejudice. [88] at 13. In its prior motion to dismiss opinion, this Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. [86] at 18. Accordingly, this Court confirms that it dismissed Counts IV and V without prejudice, and to prevent any future confusion, expressly states that the prior dismissal order [85] was a dismissal without prejudice with respect to Plaintiffs' state-law claims. *See, e.g.*, *Williams Elecs. Games, Inc. v. Garrity*, No. 97 C 3743, 2005 WL 2284280, at *4–5 (N.D. Ill. 2005) (declining to exercise supplemental jurisdiction over state-law claims and thus dismissing those claims without prejudice).

## IV. Conclusion

For the reasons explained above, this Court denies Plaintiffs' Rule 59(e) motion to alter or amend judgment [88] and grants the request for clarification confirming that its prior dismissal order [85] was without prejudice as to Plaintiffs' state-law claims. All dates and deadlines are stricken.

Dated: January 24, 2019

Entered:

_____
John Robert Blakey
United States District Judge

8